## THE STATE OF KANSAS v. FRANK WHITBY.

BURGLARY; *Elements of Crime.* To constitute the crime of burglary there must be an entry, as well as a breaking of the building; and an information is fatally defective which fails to charge an entry, and a judgment thereon must be arrested.

### *Appeal from Crawford District Court.*

AT the January Term 1875 of the district court, *Whitby* was arraigned for plea upon an information filed against him, by which information it was intended to charge defendant with the crime of burglary in the first degree. Defendant pleaded "guilty" to the facts charged, and then moved in

arrest of judgment, for that said "information did not state facts sufficient to constitute a public offense." This plea was overruled, and defendant was sentenced to imprisonment. He now brings the record here on appeal, for review.

*J. T. Bridgens*, and *M. A. Wood*, for appellant:

The record shows that Whitby, in the absence of his counsel, plead guilty to a certain information filed against him, and was sentenced to imprisonment for the term of twelve years at hard labor in the penitentiary, and that such sentence was pronounced on overruling a motion in arrest of judgment. Does this information charge a public offense against this appellant? We think it does not. The information contains no allegation that appellant ever *broke*, or attempted *to break*, into the dwelling-house of the person therein named. Nor that he entered into such house. It does not charge an assault upon the person of D. A., named in the information. It only charges an assault upon the dwelling-house of the person therein named. Properly construed, it does not charge the appellant with burglary, nor with rape, nor with the intent to commit either crime, nor with the violation of any statute of this state.

*A. A. Fletcher*, county-attorney, and *A. M. F. Randolph*, attorney-general, for The State.

The opinion of the court was delivered by

BREWER, J.: Appellant was sentenced to the penitentiary for the term of twelve years, as upon conviction upon an information for burglary in the first degree. A motion in arrest of judgment was overruled, and this is the error complained of. The attorney-general, after an examination of the information, very properly concedes the error. The information is for burglary, but fails to charge any entry. It charges that defendant "feloniously and burglariously, forcibly burst and did break, with intent," etc. It is well settled that to constitute burglary there must be both a breaking and

an entry. Our statute makes no change in the law in that respect. The motion in arrest ought therefore to have been sustained, and the judgment of the district court will be reversed, and the case remanded with instructions to sustain the motion in arrest. The defendant will be returned from the penitentiary, and delivered over to the jailor of Crawford county, to abide the further order of the district court. Under §§ 279 and 280 of the criminal code a new information can be filed, and the defendant put upon trial thereunder.

All the Justices concurring.